Summit Steel Corp., Appellant, *v.* Kosydar, Tax Commr., Appellee.

(No. 74-235—Decided February 5, 1975.)

*Messrs. Vance, Russin & Brown* and *Mr. Charles W. Vance,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* The simple issue before this court is whether the decision of the Board of Tax Appeals, finding that appellant improperly determined the value of its stock for franchise tax assessment purposes, is unreasonable or unlawful.

Appellant argues that Kenmore's "appraisal surplus" was "easily recognizable in the books" of appellant and that the Tax Commissioner is not precluded from making an examination of *all of appellant's books* to determine the value of its stock for purposes of assessing the franchise tax. The balance sheet (Form 931) filed by it, says appellant, is the "certified balance sheet" required by R. C. 5733.05. Appellant contends, therefore, that it is entitled to reduce the value of its stock for franchise tax assessment purposes because the "appraisal surplus" account on Kenmore's books *in fact appears* on appellant's books as a "paid in surplus"[3] and that the Tax Commissioner could easily determine this from an examination of appellant's books.

---

[3] That the parties to the merger considered the effects of their merger upon the "surplus" accounts is evidenced by the agreement itself.

R. C. 5733.05 (132 Ohio Laws 1975, amended in 133 Ohio Laws 126 without substantial change in the portions pertinent herein) provided, as applicable:

"After the filing of the annual corporation report, the Tax Commissioner, if he finds such report to be correct, shall * * * determine the value of the issued and outstanding shares of stock * * *. * * *. For the purpose of this section, the value of the issued and outstanding shares of stock of any such corporation shall be deemed to be the total value, as shown by the books of the company, of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but exclusive of:

" * * *

"(C) Good will, appreciation * * * as set up in the annual report of the corporation when said annual report is accompanied by a certified balance sheet of the company * * *."

The Board of Tax Appeals held that Form 931 filed by appellant does not constitute a "certified balance sheet" as required by statute and that, therefore, what appellant listed as exempted assets to reduce its net worth was improper. And, the board held, the Tax Commissioner, in determining the value of appellant's stock under R. C. 5733.05, is not required to make a complete audit of appellant's records. Moreover, as the Board of Tax Appeals pointed out, appellant was inconsistent in listing exempted assets on its franchise tax returns for 1969 and 1970 while showing no appreciated surplus as exempted assets on its Form 931 balance sheets for the same years.

This court does not find that the decision of the Board of Tax Appeals was either unreasonable or unlawful. Accordingly, the decision is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.